IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAMAR F. MOORE                                                                                  PLAINTIFF

vs.                                              Civil No. 1:20-cv-01026

BANCORPSOUTH BANK                                                                      DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion to Remand. ECF No. 7. Plaintiff filed this Motion on June 17, 2020. On July 1, 2020, Defendant responded to this Motion. ECF No. 13. The Parties have consented to the jurisdiction of this Court. ECF No. 12. This Motion is now ripe for consideration.

1. **Background:**

Plaintiff filed the current action in Ouachita County, Arkansas Civil Division. ECF No. 1. This case was filed on May 7, 2020, and Defendant was served on May 26, 2020. ECF No. 2-1 at 17. Thereafter, on June 15, 2020, Defendant removed this action to this Court. ECF No. 1. In the Notice of Removal, Defendant alleges this case is subject to removal under 28 U.S.C. § 1446 because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. ECF No. 2. Specifically, Defendant argues both the amount-in-controversy and the diversity of citizenship requirements of 28 U.S.C. § 1332 are satisfied. *Id.*

On June 17, 2020, Plaintiff filed the current Motion to Remand. ECF No. 7. With this Motion, Plaintiff seeks to remand this case to Ouachita County because the amount-in-controversy requirement of 28 U.S.C. § 1332 is not met. *Id.* Plaintiff claims Defendant is only liable for a loss of $57,057.45; and because the amount-in-controversy requirement is $75,000.00, his case does not meet that requirement. *Id.*

In responding to this Motion, Defendant argues this case should not be remanded. ECF No. 13. Defendant argues the $57,057.45 is Plaintiff's requested general damages. *Id.* Defendant argues that amount, along with Plaintiff statutory attorney's fees, meets the amount-in-controversy requirement. *Id.* Defendant claims that total exceeds $75,000.00. *Id.*

**2. Discussion:**

Based upon the current information before it, the Court finds this case should not be remanded. As recognized by Defendant, Plaintiff seeks $57,057.45 in general damages, which Plaintiff claims is the amount of money that was "wrongfully taken." ECF No. 1. In addition to this claim for general damages, Plaintiff also seeks statutory attorney's fees on his breach of contract claim. Such attorney's fees are provided for under Arkansas Code Annotated § 16-22-308.[1]

The law is clearly established that these statutory attorney's fees should be included in the calculation of the amount-in-controversy. *See Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 766 (8th Cir. 2001) (recognizing "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction"). Such damages include those accrued at the time of filing as well as those likely to incur during the course of the lawsuit. *See Knowles v. Standard Fire Ins. Co.,* 4:11-cv-04044, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013) (recognizing that attorney's fees unincurred at the time of removal may still be included in calculating the amount-in-controversy).

---

[1] This provision states that attorney's fees "may be allowed" on a breach of contract claim. *See* Ark. Code Ann. § 16-22-308. Thus, such an award is *discretionary*, not *mandatory*. Plaintiff argues there is a distinction between such a discretionary award and a mandatory award (as in an insurance or DTPA case). The Court has considered this argument, but the current caselaw makes no such distinction. Instead, the attorney's fees are categorized as "statutory" if they are authorized by statute. Thus, the Court will not draw a distinction between mandatory and discretionary here.

Because such attorney's fees should be included in the amount-in-controversy, the next issue to consider is the *amount* of such fees. Under somewhat similar facts, the Honorable U.S. District Judge Susan O. Hickey found the proper amount to consider is the amount that *might* legally be possible under the circumstances of the case. *See Basham et al. v. Am. Nat'l County Mutual Ins. Co. et al.,* 979 F. Supp. 2d 883, 890 (W.D. Ark. Oct. 23, 2013) (interpreting the amount-in-controversy requirement in the context of the Class Action Fairness Act ("CAFA")). In *Basham,* Judge Hickey held that a reasonable percentage for attorney's fees was 40% as applied to the recovery of compensatory damages and statutory penalties. *Id.* Likewise, in *Knowles,* the Honorable U.S. District Judge P.K. Holmes, III found a 40% rate was reasonable. *See Knowles,* 2013 WL 3968490 at *7 (holding that "[t]he Court's previously-approved estimate of attorney's fees, which was based on a 40% multiplier, is therefore not impermissibly speculative").

Thus, this Court will likewise apply that percentage in this case. Applying that percentage of 40% to Plaintiff's requested recovery of $57,057.45, the amount-in-controversy would be $79,880.43 (including statutory attorney's fees), which clearly satisfies the $75,000.00 requirement.

3. **Conclusion**:

Because the Court finds Plaintiff's damages satisfy the amount-in-controversy requirement under the Western District of Arkansas's standard in *Basham,* the Court finds Plaintiff's Motion should be **DENIED.**

**IT IS SO ORDERED this 8th day of July 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE